RAYMOND N. HULSER
Deputy Chief

M. KENDALL DAY
Trial Attorney
Public Integrity Section
United States Department of Justice
1400 New York Ave. NW, 12th Floor
Washington, DC 20005
(202) 353-2248
m.kendall.day@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:07-cr-00058-JWS |
| | ) | |
| Plaintiff, | ) | GOVERNMENT SENTENCING |
| | ) | MEMORANDUM |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD L. SMITH | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW the United States of America, by undersigned counsel, and submits this memorandum in aid of sentencing for Richard L. Smith.

On May 7, 2007, Smith pled guilty to a three-count information charging him with (1) a multi-object conspiracy to commit corruption offenses in violation of 18 U.S.C. § 371, (2) a substantive count of federal program bribery in violation of 18 U.S.C. § 666, and (3) a conspiracy to impede the Internal Revenue Service (a Klein conspiracy) in violation of 18 U.S.C. § 371. The plea agreement capped a nine-month period during which Smith cooperated secretly and intensively in the government's investigation. Smith's cooperation continued long after his guilty plea - indeed, it continues through today.

Because of Smith's extraordinary cooperation, by separately filed motion the government moves for a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) as well as for a departure for substantial assistance pursuant to U.S.S.G. § 5K1.1.

**I.      Sentencing Guidelines Calculations**

The government agrees with the Presentence Report ("PSR") Statement of the Offense and Sentencing Guidelines calculation.  Based on Smith's objections to the draft PSR, the only Guidelines issue in dispute is the applicability of a three-level adjustment for Smith's aggravating role in the offense pursuant to U.S.S.G. § 3B1.1(b).  Specifically, Smith, as he is free to do under his plea agreement, disputed to the Probation Officer that he served as a manager or supervisor, but he did not dispute any of the other Guidelines calculations which were incorporated into the final PSR.

The application of this adjustment requires the Court to make two findings: (1) a status determination regarding the defendant's position relative to another criminal participant; and (2) a scope determination -- that the defendant participated in criminal activity that met either the numerosity or the extensiveness benchmarks established by the Sentencing Guidelines.  United States v. Tejada-Beltran, 50 F.3d 105, 111 (1st Cir. 1995).  Here, only the status determination is at issue.  Specifically, a defendant qualifies as a manager or supervisor where there is evidence that the defendant either (a) exercised some control over others involved in commission of the offense, or (b) was responsible for organizing others for the purpose of carrying out the crime. United States v. Riley, 335 F.3d 919, 929 (9th Cir. 2003) (citations omitted).  "A defendant 'need

only exercise authority over one and not all of the other participants in order to merit the adjustment.'" Id. (quoting United States v. Camper, 66 F.3d 229, 231 (9th Cir.1995)).

In this case, Smith both organized others as well as exercised some measure of control over the corrupt legislators. As T-III intercepts played during the trials of both Kott and Kohring revealed, Smith spoke regularly with each corrupt legislator, offering and receiving input on official actions necessary to pass the petroleum-production-tax legislation, organizing meetings or conversations between the corrupt legislators and Allen, and doing other work helpful to the advancement of the corrupt scheme.

Smith argued to the Probation Officer that this enhancement was inappropriate for, among other reasons, the fact that his title of Vice President grossly overstated his actual role within VECO. That argument is beside the point. The role adjustment hinges on Smith's involvement in a corrupt scheme with Allen and multiple public officials; it does not matter whether or not Smith occupied a position of true authority at VECO.

For these reasons, a three-level aggravating role adjustment is appropriate for Smith.

## II.     Sentencing Recommendation

In imposing a final sentence, the court must consider: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with needed training or other correctional treatment; (3) the kinds of sentences available; (4) the guideline range; (5) policy statements by the Sentencing Commission; (6) the

need for unwarranted sentence disparities; and (7) the need for restitution to the victim of the offense.  *See* 18 U.S.C. § 3553(a).

Put simply, the Smith's conduct was serious, and a sentence within the Guidelines range is reasonable to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence.  See 18 U.S.C. § 3553(a)(2)(A) and (B).  Moreover, the crimes committed by Smith and his coconspirator Bill Allen have eroded the public's faith in the Alaska State Legislature and their elected leaders.  While the government agrees that Smith is free to seek a downward variance under 18 U.S.C. § 3553, the government does not believe that a sentence outside of the Guidelines range is warranted, especially in light of the scope of Smith's corrupt conduct.

As set forth in the government's memorandum for a departure for substantial assistance, however, Smith's cooperation in this investigation has been extraordinary, and it continues through today.  Accordingly, the government recommends an eight-level § 5K1.1 departure from the PSR-calculated Guidelines Range of 30, which would yield a final offense level of 22 (41-51 months).  Consistent with Smith's role in the offense and his extraordinary cooperation in the investigation, the government recommends that the Court impose a final sentence of incarceration on Smith of 42 months, together with the two-year period of supervised release recommended by Probation, the mandatory $100-per-count special assessment, and a fine within the guidelines range of 22 ($7,500 to $75,000).

Respectfully submitted this 21st day of October, 2009, at Anchorage, Alaska.

                                            RAYMOND N. HULSER
                                          Deputy Chief, Public Integrity Section

                                            _s/ M. Kendall Day_
                                          M. Kendall Day
                                          Trial Attorney
                                          Public Integrity Section
                                          United States Department of Justice
                                          1400 New York Ave. NW, 12th Floor
                                          Washington, DC 20005
                                          (202) 353-2248
                                          m.kendall.day@usdoj.gov

**Certificate of Service**

I, M. Kendall Day, certify that on this 21st day of October, 2009, notice of the instant filing was served on the following persons via CM/ECF:

John M. Murtagh
Law Office of John Murtagh
1101 W. 7th Avenue
907-274-8664
(F) 907-258-6419
jmmalaska@hotmail.com

Michael J. Keenan
601 W. 5th Avenue, Suite 700
Anchorage, AK 99501
907-274-1634
(F) 907-274-1635
mjkatty@acsalaska.net