RAYMOND N. HULSER
Deputy Chief

M. KENDALL DAY
Trial Attorney
Public Integrity Section
United States Department of Justice
1400 New York Ave. NW, 12th Floor
Washington, DC 20005
(202) 353-2248
m.kendall.day@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | No. 3:07-cr-00058-JWS |
|---|---|---|
| Plaintiff, | ) ) ) ) | GOVERNMENT MOTION FOR DEPARTURE BASED ON SUBSTANTIAL ASSISTANCE |
| vs. | ) ) | |
| RICHARD L. SMITH | ) ) | |
| Defendant. | ) ) | |

COMES NOW the United States of America, by undersigned counsel, and submits this motion for a departure from the Sentencing Guidelines based upon the substantial assistance of Richard L. Smith.  For the reasons set forth below, the government moves for both a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) as well as an eight-level departure from Sentencing Guidelines level 30 for substantial assistance pursuant to U.S.S.G. § 5K1.1.

Section 5K1.1 of the Sentencing Guidelines sets forth five criteria by which substantial assistance should be measured:

1. the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

2. the truthfulness, completeness, and the reliability of any information or testimony provided by the defendant;

3. the nature and extent of the defendant's assistance;

4. any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and

5. the timeliness of the defendant's assistance.

Smith's cooperation has been extraordinary and merits an unusually large 5K1.1 departure. From the day he was introduced to the FBI on August 31, 2006, Smith committed to and began cooperating. Since his guilty plea, Smith has continued cooperating, and he has testified as a government witness in two jury trials.

### A. Proactive Cooperation by Smith

Smith deserves credit for his considerable efforts to provide proactive cooperation. Smith agreed to and did make recorded telephone calls on the first day he was contacted by the FBI, and he continued to wear a recording device on repeated subsequent occasions. Because Smith's efforts in proactive investigations correspond to uncharged parties, ongoing investigations, and law enforcement techniques, those interactions are described in more detail in the accompanying sealed addendum to this motion. What can be said here, however, is that Smith's cooperation was thorough and complete. He offered input on scenarios suggested to him by law enforcement, giving helpful feedback on conversations that were and were not likely to arouse suspicion on the part of subjects of the investigation. His extensive efforts illustrate his commitment to cooperate fully with the government.

B.  Historical Cooperation by Smith

Smith was debriefed on numerous occasions by the FBI. The prior case agent estimates that she met with Smith on a daily or every-other-day basis for an extended period of time between August 31, 2006 (when Smith was approached by the FBI) and May 2007 (the entry of Smith's guilty plea). Further, there were numerous formal debriefings of Smith on a variety of topics.

Smith's statements regarding public corruption were truthful, complete, and reliable, corroborated by evidence already in the government's possession and providing additional sources of information to pursue new and existing allegations. During his numerous meetings with the government, Smith did not seek to minimize his own culpability.

### 1. *Smith's Trial Testimony Helped Convict Victor Kohring and Peter Kott*

Smith deserves partial credit for the convictions of former Alaska State Representatives Victor Kohring and Peter Kott. Smith testified at length in both trials, and he held up well on cross examination. Although Smith's testimony served largely to corroborate and flesh out information contained in T-III recordings, he was helpful on a number of fronts, including how he could describe to the jury the value of the corrupt assistance received from Kohring and Kott.

### 2. *Smith's Debriefings and Availability as a Witness Helped Convince Several Defendants to Plead Guilty*

Smith deserves partial credit for the guilty pleas of former Alaska State Representative Beverly Masek; Jim Clark, the former Chief of Staff to the Alaska Governor Frank Murkowski; and former State Senator John Cowdery. Smith was debriefed on multiple occasions about each defendant, and was a named coconspirator in each defendants' charging papers, meaning that

3

these defendants knew he was a likely government witness. Smith also deserves credit for his cooperation in the prosecution of Bill Weimar, about whom he was debriefed by the government.

> 3. *Smith Has Provided Helpful Cooperation in Several Ongoing Investigations*

Smith has been interviewed on multiple occasions about wrongdoing by uncharged parties. His efforts in those investigations are described more completely in the addendum being filed under seal with this motion.

For these reasons, as well as those contained in the accompanying sealed addendum, the government recommends an eight-level § 5K1.1 departure from the PSR-calculated Guidelines Range of 30, which would yield a final offense level of 22 (41-51 months).

Respectfully submitted this 21st day of October, 2009, at Anchorage, Alaska.

RAYMOND N. HULSER
Deputy Chief, Public Integrity Section


  s/ M. Kendall Day
M. Kendall Day
Trial Attorney
Public Integrity Section
United States Department of Justice
1400 New York Ave. NW, 12th Floor
Washington, DC 20005
(202) 353-2248
m.kendall.day@usdoj.gov

**Certificate of Service**

I, M. Kendall Day, certify that on this 21st day of October, 2009, notice of the instant filing was served on the following persons via CM/ECF:

John M. Murtagh
Law Office of John Murtagh
1101 W. 7th Avenue
907-274-8664
(F) 907-258-6419
jmmalaska@hotmail.com

Michael J. Keenan
601 W. 5th Avenue, Suite 700
Anchorage, AK 99501
907-274-1634
(F) 907-274-1635
mjkatty@acsalaska.net